1998 ME 38

**PATRONS OXFORD MUTUAL INSURANCE COMPANY**

v.

**Jesus GARCIA.**

Supreme Judicial Court of Maine.

Argued Dec. 2, 1997.

Decided Feb. 26, 1998.

James D. Poliquin (orally), Portland, for plaintiff.

Rebecca S.K. Webber (orally), Douglas A. Grauel, Linnell, Choate & Webber, L.L.P., Auburn, for defendant.

Before WATHEN, C.J., ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

SAUFLEY, Justice.

[¶ 1] Patrons Oxford Mutual Insurance Company appeals from a judgment entered in the Superior Court (Androscoggin County, *Bradford, J.*) dismissing its complaint for declaratory judgment seeking a determination that it had no duty to defend or indemnify its insured, Jesus Garcia, against claims that might be brought by Garcia's lessee. The sole issue presented by this appeal is whether the court correctly concluded that the issue was not yet ripe for judicial determination. We affirm the judgment.

[¶ 2] Patrons's complaint alleges the following facts. In June of 1996, Garcia leased a single-family residence in Turner to Theodore Collins [1] and Carmen Baldwin for a one-

1. Although Collins was named as a party-in-interest in Patrons's complaint, we have deleted him from the caption of this opinion. He was never served with process, and therefore is not properly before the court in this action. *See*

year term. In July of 1996, Collins sustained injuries when he received an electrical shock while operating a pump in the flooded basement of the residence. At the time of the injury, the residence was insured under a standard homeowner's policy issued to Garcia by Patrons. The policy excludes coverage for bodily injury "[a]rising out of the rental or holding for rental of any part of the premises" by an insured. The policy also contains an exception to that exclusion for the occasional rental of the insured premises as a residence.

[¶ 3] Patrons's declaratory judgment action asserted that Patrons had no obligation to defend or indemnify Garcia in connection with any claim that Collins might assert as a result of the injuries sustained in July of 1996. Based on the coverage exclusion for injuries arising out of the rental of the premises, Patrons asserted that coverage is precluded and that the occasional basis exception to the exclusion does not apply because Garcia had leased the residence to Collins for one year. Garcia moved to dismiss the complaint, contending that the action was not ripe because Collins had not filed a complaint against Garcia. Concluding that "the question of coverage is not ripe for determination[,]" the court granted the motion.[2] This appeal followed.

[¶ 4] The Uniform Declaratory Judgments Act, 14 M.R.S.A. §§ 5951–5963 (1980 & Supp.1997), may be invoked only where there is a genuine controversy. See *Wagner v. Secretary of State*, 663 A.2d 564, 567 (Me.1995). A genuine controversy exists if a case is ripe for judicial consideration and action. *Id.* An "[a]nalysis of the ripeness issue involves two principal points of focus[:] the fitness of the issue for judicial decision, and the hardship to the parties of withholding court consideration." *Maine Pub. Serv. Co. v. Public Utils. Comm'n*, 524 A.2d 1222, 1226 (Me.1987).

[¶ 5] We first address whether Patrons's duties to defend and indemnify are fit for adjudication at this time. Because an insurer's duty to defend its insured against a suit

is ordinarily determined by comparing the facts alleged in the complaint with the terms of the policy, the insurer's duties are not usually fit for adjudication until a complaint has been filed against its insured. *See, e.g., State Mut. Ins. Co. v. Bragg*, 589 A.2d 35, 36 (Me.1991). Generally, "[i]n determining the duty to defend ... the court's consideration is limited to the underlying complaint and the insurance policy." *Northern Sec. Ins. Co. v. Dolley*, 669 A.2d 1320, 1322–23 (Me. 1996) (citing *American Policyholders' Ins. Co. v. Cumberland Cold Storage Co.*, 373 A.2d 247, 249 (Me.1977)).

[¶ 6] Once the complaint has been filed, "[i]f the allegations in the underlying tort action are within the risk insured against and there is any potential basis for recovery, the insurer must defend the insured regardless of the actual facts on which the insured's ultimate liability may be based." *Gibson v. Farm Family Mut. Ins. Co.*, 673 A.2d 1350, 1352 (Me.1996). *See also Maine State Academy v. Commercial Union Ins. Co.*, 1997 ME 188, ¶ 5, 699 A.2d 1153, 1156. Where there is any possible legal or factual basis for payment under a policy, an insurer's duty to defend must be decided summarily in favor of the insured. *Gibson*, 673 A.2d at 1352. In *Travelers Indem. Co. v. Dingwell*, 414 A.2d 220 (Me.1980), we explained the justification for this general rule:

If we were to look beyond the complaint and engage in proof of actual facts, then the separate declaratory judgment actions ... would become independent trials of the facts which the [insured] would have to carry on at his expense.... We see no reason why the insured, whose insurer is obligated by contract to defend him, should have to try the facts in a suit against his insurer in order to obtain a defense.

*Id.* at 227. "Except in limited circumstances, an insurer cannot avoid its duty to defend by establishing, before the underlying action has concluded, that ultimately there will be no duty to indemnify." *Northern Sec. Ins. Co. v. Dolley*, 669 A.2d at 1320 (footnote omitted).

*Horace Mann Ins. Co. v. Maine Teachers Ass'n*, 449 A.2d 358, 358 n. 1 (Me.1982).

**2.** It is undisputed that Collins has not filed an action against Garcia.

[¶ 7] We have identified several instances where the insurer is not required to await the filing of the complaint in order to seek declaratory relief. A narrow exception exists where the insurer disputes its duties to defend and indemnify based on issues such as "nonpayment of a premium, cancellation of a policy, failure to cooperate or lack of timely notice[.]" *Cumberland Cold Storage Co.*, 373 A.2d at 250. In these circumstances, both obligations may be appropriately determined prior to the entry of judgment in the underlying tort action. *Id.* The rationale for these exceptions is that the coverage dispute depends entirely on the relationship between the insurer and the insured, not on facts to be determined in the underlying litigation.[3] Additional exceptions exist where the insured, the insurer, and the injured claimant stipulate to the facts material to the insurer's duty to indemnify[4] or where the pertinent facts have been determined in other proceedings.[5] In either case, the concern about requiring the insured to litigate the facts of a claim simply to obtain a defense is not present.

[¶ 8] Patrons argues that its complaint falls within the exception allowing adjudication of the insurer's declaratory judgment action where the coverage determination is entirely separable from the merits of the injured party's claims. Patrons's assertion, however, that the coverage issues in this matter are entirely separable from the underlying claim is not accurate. The coverage decision directly involves resolution of facts regarding the relationship, not between the insurer and the insured, but between insured and the claimant.[6] The nature of Collins's relationship with Garcia and the reason for Collins's presence in the basement will be relevant both on issues of coverage and Garcia's liability to Collins.

[¶ 9] Patrons next urges this court to create an additional exception where the insurer asserts that there can be no reasonable dispute regarding the applicability of a coverage exclusion. Essentially, Patrons's declaratory judgment action invites the court to resolve issues of fact regarding Collins's injuries that have not been determined either through prior litigation or through a stipulation. Although the rental exclusion may ultimately be determined to be applicable, its applicability cannot be determined without factual inquiry by the court. Such an inquiry into the relationship between Collins and Garcia in this proceeding would draw the insured into litigation of at least some aspects of the injured party's claim in order to obtain a defense. This is precisely the result we sought to avoid in *Dingwell.*

[¶ 10] Finally, Patrons urges us to consider the hardship to the insurer caused by the withholding of judicial consideration at this point. Patrons contends that requiring an insurer to await the filing of a complaint against its insured will force insurers to defend claims that are unlikely to result in a duty to indemnify. We recognize the reality

3. *See, e.g., Benning v. Allstate Ins. Co.*, 90 Md. App. 592, 602 A.2d 233, 237 (1992) (holding that injured tort claimant properly brought action against insurer prior to filing action against insured tortfeasor, where coverage dispute did not depend "on any fact or circumstance pertaining to the accident or the injuries suffered by the [claimant].").

4. *See Dolley*, 669 A.2d at 1322–23 (relying on parties' stipulation of fact to determine duties to defend and indemnify); *cf. Bowen v. Hanover Ins. Co.*, 599 A.2d 1150 (Me.1991) (holding that insurer had no duty to indemnify insured, in view of the parties' stipulation of fact). In *Dolley,* the insurer filed its declaratory judgment action before the injured claimant filed an action against the insured. *Dolley*, 669 A.2d at 1321. Rather than rejecting the action on ripeness grounds, we determined the insurer's duty to defend *vel non* on the basis of what the complaint might have alleged, in view of the parties' stipulation. *Id.* at 1323.

5. *See State Mut. Ins. Co. v. Bragg*, 589 A.2d at 38 (holding that insured's criminal convictions were "sufficient to preclude relitigation of the issue of [the insured's] subjective intent" for purposes of evaluating the insurer's duty to defend); *Perreault v. Maine Bonding & Cas. Co.*, 568 A.2d 1100 (Me.1990) (same); *but cf. Horace Mann Ins. Co. v. Maine Teachers Ass'n*, 449 A.2d at 360–61 (holding that facts established in underlying administrative adjudication could not be considered in determining whether there was initially a duty to defend).

6. Garcia suggests, but cannot at this point know, that Collins may claim to have been acting not as a renter but as a contractor at the time of his injury.

of Patrons's concerns.[7] We conclude, however, that the rationale supporting the comparison test outweighs those concerns. *See Dingwell*, 414 A.2d at 227. "We have always recognized that the application of the comparison test will occasionally require an insurer to defend when there may be no ultimate duty to indemnify. This is true because the duty to defend is broader than the duty to indemnify. We are satisfied that the interests of justice and the conservation of scarce judicial resources support the course we have chosen." *Merrimack Mut. Fire Ins. Co. v. Brennan*, 534 A.2d 353, 354 (Me.1987) (citation omitted). We therefore conclude that the hardship to the insurer is outweighed by the competing interests of preventing duplicative litigation and sparing insureds the costs of defending a collateral action brought by the insurer to determine its obligations under the insurance contract before the nature of the claim implicating coverage has been identified through the filing of a complaint.

[¶ 11] Accordingly, the court correctly determined that Patrons's declaratory judgment action does not come within any exception that would allow adjudication in advance of the filing of a complaint.

The entry is:

Judgment affirmed.

---

7. *See, e.g.*, Baber, *Judicial Interpretations of the Commercial General Liability Policy Under Maine Law*, 12 Me. B.J. 368, 374 (1997) ("Accordingly, plaintiff's counsel will want to be intentionally vague in drafting a complaint ... to preserve potential coverage." (emphasis added)).