STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
Civil Action
Docket No. CV-00-276

UNITED STATES AUTOMOBILE
ASSOCIATION

Plaintiff,

v.

DALE W. LINDSEY, Personal Representative
of the Estate of Stephanie Bernath,

Defendant,

**DECISION AND ORDER
ON MOTION TO DISMISS**

## I. BACKGROUND

This is an action for declaratory judgment brought pursuant to 14 M.R.S.A. § 5951. Plaintiff seeks judgment and declaration that the law of the State of Maine is applicable to claims for damages for the wrongful death of Stephanie Bernath. Maine's Wrongful Death statute, 18-A M.R.S.A. § 2-804(b), limits a general damage recovery for "the loss of comfort, society and companionship of the deceased," and emotional distress for the beneficiaries to $150,000 plus demonstrated pecuniary loss. Other states where this death claim may be brought (e.g., New Hampshire) do not have this limitation.

The defendant seeks dismissal of this action as premature and improperly brought in the State of Maine. For purposes of this motion, the court considers all of the factual allegations in plaintiff's complaint to be true to decide if there is any basis on which it may obtain relief.

## II. FACTS

This case arises from a tragic motor vehicle accident that occurred September

24, 1999 on Interstate 89 in New Hampshire in which three students attending college in Vermont were killed. Alison Hunter was operating a car owned by her father when it suddenly crossed the median and collided with a vehicle going in the opposite direction. Alison Hunter and her two passengers were killed instantly. The passengers were Melissa Gordon, a resident of New York and Stephanie Bernath a resident of Scarborough, Maine. Alison Hunter and her father were residents of Connecticut. Defendant Dale Lindsey is the personal representative of the Estate of Stephanie Bernath. In that capacity he has served notice of a claim against the estate of Alison Hunter but has not yet filed a complaint in the court of any state.

## III. DISCUSSION

At argument on the motion, counsel for the plaintiff conceded that the underlying wrongful death action for damages could not be brought in Maine.[1]

Maine's Declaratory Judgments Act, 14 M.R.S.A. § 5951, *et seq.* (The Act), exists to provide an adequate and flexible remedy for a binding determination of parties' rights under statutes, *Colquhoun v Webber*, 684 A.2d 405, 411 (Me 1996); however, The Act may be invoked only where there is a genuine controversy. *Patrons Oxford Mutual Insurance v Garcia*, 1998 ME 38, ¶ 5, 707 A.2d 384, 385. "A genuine controversy exists only if the case is ripe for judicial consideration and action."

---

[1] Counsel also noted to the court that a judicial determination as to the measure of damages is needed and that the matter will then be settled. Although the court encourages early resolution of cases, the court cannot invoke jurisdiction or rule in favor of one party or the other solely for the purposes of obtaining a disposition.

*Wagner v. Secretary of State*, 663 A.2d 564, 567 (Me. 1995). The advice of the court is not available except where there is a real controversy to escape the general prohibition against advisory opinions outside of those required by the *Maine Constitution*, art. VI, § 3. *See, Liberty Mutual Insurance Co. v. Weeks*, 404 A.2d 1006, 1008, n.4; and *Jones v Maine State Highway Commission*, 238 A.2d 226, 228-229 (Me 1968).

Although an action for damages for wrongful death has not been initiated in any court, the Law Court has recognized the right of an insurer to seek judicial determination of an issue before a complaint is filed. *Patrons Oxford Mut'l. Ins.*, at ¶ 7, 707 A.2d at 386. However, this "narrow exception exists where the insurer disputes its duties to defend and indemnify . . . ." *Id*. Such is not the case here where the only issue is the proper measure of damages.

Even though a judicial determination of an issue may resolve "a concrete, certain and immediate legal problem," *Wagner*, at 567, the court must have jurisdiction over the principal case. *Colquhoun*, at 411 ("[T]he purpose of the Declaratory Judgment Act is to provide a more adequate and flexible remedy *in cases where jurisdiction already exists*.." Emphasis added) . Even the existence of remedial statutes that the Law Court says should be liberally construed "does not create a new cause of action . . . ." *Hodgdon v Campbell*, 411 A.2d 667, 669 (Me 1980).

There is no subject matter jurisdiction to bring the underlying action in Maine courts. The controversy does not yet exist. This court declines to accept the

issue for determination under The Act.[2]

Between the time that counsel filed memoranda supporting their positions and the hearing for oral argument the Law Court decided the case of *Waterville Industries Inc. v Finance Authority of Maine*, 2000 ME 138 (July 14, 2000), __ A.2d __ . The Court reiterated the authority of the Superior Court to exercise its discretion in deciding whether or not to hear an action as one for declaratory judgment. Although the judgment in *Waterville* was vacated on evidentiary grounds, the Court said that the "use of declaratory judgment . . . was appropriate because it purported to determine *both liability* for breach of contract *and the scope of damages* resulting from that breach." *Id.,,* at ¶ 25 (Emphasis added). The court noted that the plaintiff "would suffer severe hardship if the court refused to consider its claim." *Id.,* at ¶ 23. There was no other forum or remedy available to the plaintiff which could address its continuing damages because "the claim would have been barred by the . . . statute of limitations." *Id.*

In the present case another forum will be available. The issue of damages can be more appropriately decided by the trial court in the jurisdiction where the complaint is brought, to be decided within the context of all the issues presented at a trial and pursuant to the conflict of laws precedent of the forum state.

## IV. DECISION

For the reasons stated above, the clerk will make the following entries as the

---

2 "The Superior Court has discretionary authority pursuant to 14 M.R.S.A. §§ 5951-63 and M.R.Civ.P. 57 to entertain requests for and to enter declaratory judgments in appropriate circumstances. " *Maine Central Railroad Company v Town of Dexter, et al.,* 588 A.2d 289, 293 (Me. 1991).

Orders of the court:

1. Defendant's Motion to Dismiss is granted.

2. Defendant's request for attorneys' fees is denied.

3. Statutory costs are awarded to the defendant as the prevailing party.

2. Plaintiff's Motion to Amend is moot.  No Order is required.

So Ordered.

August 4, 2000

_____
Thomas E. Delahanty II
Justice, Superior Court

Date Filed __04-28-00__   __CUMBERLAND__   Docket No. __CV 00-276__
                              County

Action __DECLARATORY JUDGMENT__

DONALD L. GARRRECHT
LAW LIBRARY

AUG 21 2000

UNITED SERVICES AUTOMOBILE          DALE W. LINDSEY
   ASSOCIATION

                              vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| JOHN S. WHITMAN, ESQ  774-7474<br>PO BOX 9545, PORTLAND ME 04112 | DANIEL WARREN, ESQ. 883-4167<br>OAK HILL PROFESSIONAL BUILDING<br>243 U.S. ROUTE ONE<br>SCARBOROUGH, MAINE 04074 |

| Date of Entry | |
|---|---|
| 2000<br>May 01<br><br>"    " | Received 04-28-00:<br>Complaint Summary Sheet filed.<br>Declaratory Judgment Complaint filed. |
| May 16 | Received 05/15/00:<br>Summons filed showing officer's return of service on 05/04/00 upon Dale Lindsey. |
| May 23<br><br><br>""""    """"<br><br><br>""""    """" | Received 05/22/00:<br>Defendant, Dale Lindsey's Motion to Dismiss; Motion to Enlarge Time for to Declaratory Judgment Complaint; Request for Expedited Hearing filed.<br>Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint for Declaratory Judgment Action; Time for Filing of Any Answer Necessary in This Civil Action filed.<br>Request for Expedited Hearing filed. |
| June 13 | Received 06-12-00:<br>Plaintiff, United Service Automobile Association Memorandum of Law in Opposition to Defendant's Motion to Dismiss filed. |
| June 15 | Received 06-15-00:<br>Scheduling Order filed. (Delahanty, J.).<br>"Scheduling Order filed. Discovery deadline is February 15, 2001.<br>On 06-15-00 Copies mailed to Daniel Warren, Esq. and John S. Whitman, Esq. |
| June 16 | Received 06-16-00.<br>Plaintiff's Notification of Discovery Service filed.<br>First Set of Interrogatories to the Defendant served on Daniel Warren, Esq. on 06-15-00. |
| July 5 | Received 07/03/00:<br>Plaintiff's Motion to Amend Complaint and Incorporated Memorandum filed. |
| July 17 | Received 7-17-00<br>Defendant Dale W. Lindsey's Notification of Discovery Service Filed.<br>Defendants answers to Interrogatories served on John S. Whitman, Esq. on 7-14-00. |