STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

APR 12   1 16 PM '01

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-00-648
REC-CUM- 4/12/2001

MICHAEL J. DEE,

      Plaintiff

    v.

STATE OF MAINE,

      Defendant

DECISION AND ORDER

## FACTUAL BACKGROUND

On October 27, 1999, plaintiff Michael Dee waved a marijuana plant at traffic while standing at Morrill's Corner in Portland. Although two Portland Police officers allegedly told Dee to stay out of the street or they would arrest him, they did not arrest or summons him or seize his marijuana plant.

The plaintiff's complaint seeks a declaratory judgment that arbitrary enforcement of the statute that makes possession of marijuana a civil violation, 22 M.R.S.A. § 2383(1) (Supp. 2000), violates due process of law and that 22 M.R.S.A. 2383(1) is unconstitutional. In addition to the plaintiff's motion for summary judgment, both parties have filed motions for judgment on the pleadings pursuant to M.R. Civ. P. 12(c). For the following reasons, the plaintiff's motions are denied and judgment is entered in favor of the defendant.

## DISCUSSION

The doctrine of *res judicata,* "a court-made collection of rules designed to ensure that the same matter will not be litigated more than once," operates as a bar to the plaintiff's action. Camps v. Newfound/Owatonna v. Harrison, 1998 ME 20, ¶ 11, 705 A.2d 1109, 1113 (quoting Machias Sav. Bank v. Ramsdell, 1997 ME 20, ¶ 11,

689 A.2d 595, 599). There are two types of *res judicata*: issue preclusion, or collateral estoppel, and claim preclusion, or the doctrine of bar. In re Kaleb D., 2001 ME 55, ¶ 7, __ A.2d __ . Claim preclusion prohibits relitigation of an entire cause of action. Id. ¶ 8. Collateral estoppel, the branch of *res judicata* applicable to this case, "prevents the relitigation of factual issues already decided if 'the identical issue was determined by a prior final judgment, and . . . the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding.' " Cline v. Maine Coast Nordic, 1999 ME 72, ¶ 9, 728 A.2d 686, 688 (quoting Perry v. H.O. Perry & Son, Co., 1998 ME 131, ¶ 6, 711 A.2d 1303, 1305).

In this action, the plaintiff seeks a declaratory judgment that 22 M.R.S.A. § 2383(1) is unconstitutional. The plaintiff is collaterally estopped from relitigating this issue because an identical issue was determined by a prior final judgment and Mr. Dee had a fair opportunity and incentive to litigate the constitutionality of the marijuana law in that prior proceeding. See Dee v. Ketterer, CV-97-763 (Me. Super. Ct., Cum. Cty., July 9, 1998) (Calkins, J.), aff'd sub nom. Dee v. Attorney General, No. 99-59 (Me. April 30, 1999) (mem); see also Dee v. Reno, No. 95-29-P-H (D. Me. Sept. 11, 1995), aff'd, 82 F.3d 403 (1st Cir. 1996).

The plaintiff's petition also fails to demonstrate the existence of a justiciable controversy. Mr. Dee may invoke the Uniform Declaratory Judgments Act only if there is a genuine controversy, that is, if the case is ripe for judicial consideration and action. See Patrons Oxford Mut. Ins. Co. v. Garcia, 1998 ME 38, ¶ 4, 707 A.2d 384, 385.

2

The plaintiff claims the Portland Police violated due process of law by arbitrarily refusing to seize the plaintiff's marijuana and failing to issue him a summons to appear in court for violating 22 M.R.S.A. § 2383(1). Mr. Dee has neither "set forth a claim of right or obligation buttressed by a sufficiently substantial interest to warrant judicial protection" nor "assert[ed] it against a defendant having an adverse interest in contesting it." Help-U-Sell, Inc. v. Maine Real Estate Comm'n, 611 A.2d 981, 983 (Me. 1992) (quoting Allstate Ins. Co. v. Lyons, 400 A.2d 349, 351 (Me. 1979)). Whether the plaintiff should have been summonsed by the Portland Police for possessing the marijuana plant is insufficient to establish a real controversy between him and the State of Maine. Mr. Dee also has not asserted his claim against a defendant having an adverse interest in contesting this claim.

The entry is

Plaintiff's motions for judgment on the pleadings and summary judgment are DENIED.

Defendant's cross-motion for judgment on the pleadings is GRANTED.

Dated at Portland, Maine this 10th day of April, 2001.

Robert E. Crowley
Justice, Superior Court

3

Date Filed __10-31-00__ ____CUMBERLAND____ Docket No. _CV 00-648_

County

Action _DECLARATORY JUDGMENT_

MICHAEL J. DEE                    STATE OF MAINE

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| PRO SE<br>PO BOX 2021<br>WINDHAM ME 04062<br>893-0287 | William R. Fisher,AAG.<br>6 State House Station<br>Augusta,ME. 04333-0006 |

| Date of Entry | |
|---|---|
| 2000<br>Oct. 31 | Received 10-31-00: |