STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-612
REC - CUM - 6/6/2003

BARBARA HATHAWAY,
                    Plaintiff, 2003 JUN -b P 12: 14

v.

ORDER ON DEFENDANT'S
MOTION TO DISMISS

CITY OF PORTLAND,
                    Defendant.

DONALD L. GARBRECHT
LAW LIBRARY

JUN 16 2003

Defendant's Motion to Dismiss for failure to exhaust administrative remedies is before the court.

## FACTUAL BACKGROUND

Plaintiff leases an apartment from a third party at 188 Danforth Street in Portland, Maine (the Unit). Plaintiff also is the sole shareholder of Winter Danforth Corp. (WDC), which operates a bed & breakfast establishment at 163 Danforth Street. WDC is party to a zoning agreement with the City of Portland (the City) that authorizes a 9-room bed & breakfast and owner accommodations in an otherwise residentially zoned area. Plaintiff rents the Unit on a nightly or weekly basis to persons in need of accommodations. WDC also handles some reservations for the Unit. In her complaint, filed December 4, 2002, Plaintiff, as an individual, seeks a declaratory judgment stating:

> Under the instant circumstances, Plaintiff has not violated the code, and that Plaintiff's activities do not constitute an extension of WDC's operations;
>
> or, in the alternative,
>
> Under the instant circumstances, if Plaintiff should cease having WDC handle reservations for the Unit and cease advertising the Unit on its brochure and website, that Plaintiff's rental of the unit will not violate the code, and that Plaintiff's rental of the Unit will not constitute an extension of WDC's operations.

On December 20, 2002, the Zoning Administrator for the City sent a letter to the Plaintiff, in her capacity as president of WDC, stating that WDC's rental of the Unit constituted: (1) a violation of the terms of the zoning agreement, into which the parties had entered; and (2) a violation of the City of Portland's Land Use Code (Code), which prohibits business uses in an R-6 Zone. The letter notified the Plaintiff of WDC's violation and indicated that an appeal of the determination was available pursuant to §14-471(a) of the Code. On December 24, 2002, the City was served with process in the present case. Defendant moves for dismissal due to Plaintiff's failure to exhaust the administrative remedies below. Defendant contends that because appeal of the violation lies with Board of Appeals, pursuant to § 14-471 of the Code, that this court lacks jurisdiction due to Plaintiff's failure to exhaust administrative remedies. Plaintiff asserts that she, as an individual, is not a party to the administrative proceedings.[1]

## DISCUSSION

A motion to dismiss under M.R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. Seacoast Hangar Condominium II Assoc. v. Martel, 2001 ME 112, ¶16, 775 A.2d 1166, 1171. In examining the sufficiency of the complaint, the court reviews the alleged facts as having been admitted and views the complaint "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." Id. (quoting New Orleans Tanker Corp. v. Dep't of Transportation, 1999 ME 67, ¶ 3, 778 A.2d 673, 674). Dismissal is appropriate if it appears beyond doubt that the plaintiff is not entitled to any relief as a matter of law. Id.

"The Declaratory Judgments Act [(the Act)], 14 M.R.S.A. §§ 5951-5963 (2003), does not authorize [a] claim in the absence of injury." Ten Voters of the City of

---

[1] This Order is limited to the rights and obligations of Barbara Hathaway, in her individual capacity, and the City of Portland. Any determination of the rights or responsibilities of WDC is

Biddeford v. City of Biddeford, 2003 ME 59, ¶ 7, __ A.2d __ (decided Apr. 25, 2003). The Law Court has consistently held that the Act may only be invoked when there is a genuine controversy. Id.; Lewiston Daily Sun v. Sch. Admin. Dist. No. 43, 1999 ME 143, ¶ 20, 738 A.2d 1239. "A party seeking declaratory relief must establish that his case constitutes an "active dispute of real interests *between the litigants.*" Randlett v. Randlett, 401 A.2d 1008, 1011 (Me.1979)(quotations omitted); Halfway. House, Inc. v. City of Portland, 670 A.2d 1377, 1379(Me. 1996) ("Justiciability requires a real and substantial controversy, admitting of specific relief through a judgment of conclusive character."(citation omitted)).

"A genuine controversy exists if a case is ripe for judicial consideration and action." Wagner v. Secretary of State, 663 A.2d 564, 567 (Me. 1995) (holding that because an initiative may never become effective, the court was not "presented with a *concrete, certain, or immediate legal problem*"). "An analysis of the ripeness issue involves two principal points of focus: the fitness of the issue for judicial decision, and the hardship to the parties of withholding court consideration." Patrons Oxford Mut. v. Garcia, 1998 ME 38, ¶ 4, 707 A.2d 384 (quotation omitted).

In the instant case, Plaintiff alleges that the City of Portland has threatened action against her as an individual. Compl. ¶ 16. There is no allegation of an action pending against the Plaintiff. In fact, Plaintiff acknowledges that she has not been served "with any notice of violation," Compl. ¶ 17, and that she "is not a party to the administrative proceedings," referencing the letter from the City. Pl.'s Opp'n to Mot. To Dismiss at 5. Under these facts, taken as true, there is no evidence of an "actual controversy" between the Plaintiff, as an individual, and the City of Portland that is fit for judicial decision at this time. Furthermore, there is no evidence of any hardship to be suffered

---

inappropriate because the corporation is not a party to the action. M.R. Civ. P. 19.

by the Plaintiff, as an individual, arising from withholding consideration of Plaintiff's claim.

Defendant's Motion to Dismiss is GRANTED for failure of Plaintiff to state a claim upon which relief, in the form of a declaratory judgment, may be granted.

The entry is

Defendants' Motion to Dismiss is GRANTED

Dated at Portland, Maine this 6th day of June, 2003.

Robert E. Crowley
Justice, Superior Court

BARBARA HATHAWAY   - PLAINTIFF

Attorney for: BARBARA HATHAWAY
ROBERT HARK
TROUBH HEISLER & PIAMPIANO
511 CONGRESS ST
PO BOX 9711
PORTLAND ME 04104-5011


vs
CITY OF PORTLAND - DEFENDANT

Attorney for: CITY OF PORTLAND
CHARLES LANE
CITY OF PORTLAND
389 CONGRESS STREET
PORTLAND ME 04101

SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-CV-2002-00612


**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: DECLARATORY JUDGMENT