STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-400

REC - CUM - 7 85 2003

CONCORD MUTUAL INSURANCE
COMPANY,
　　　　　　　Plaintiff,

v.

KEVIN SHEEEDY AND
KEVIN LAFLAMME,
　　　　　　　Defendants.

ORDER ON PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT

DONALD L. GARBRECHT
LAW LIBRARY

AUG 13 2003

Plaintiff's Motion for Summary Judgment is before the court. The sole count is one for declaratory judgment seeking to determine whether Kevin LaFlamme (LaFlamme) was an employee of Kevin Sheedy (Sheedy) when he was injured at a residential construction site.

## FACTUAL BACKGROUND[1]

Defendant Sheedy is an independent carpenter and subcontractor, doing business as Kevin Sheedy & Sons. In February 2002, Sheedy was one of several subcontractors on a job for which Fitzpatrick Associates was the general contractor. Kevin LaFlamme is a carpenter with nineteen years experience, who also worked at the job site in Cape Elizabeth. LaFlamme supplied many of his own tools including: pickup truck, nailguns, air compressor, power tools, sawsall, and mitre-box. The general contractor provided most of the construction materials. On February 12, 2002, LaFlamme was injured while working on the job site  Sheedy did not have workers' compensation coverage. LaFlamme has filed a notice of claim against Sheedy, alleging

---

[1] There were several deficiencies in the filings for summary judgment that impacted the undisputed statements of material fact in this case. Because this Order does not reach the merits of the declaratory judgment cause of action, the procedural deficiencies warrant no discussion beyond this explanation of the factual background.

that his injuries are due to Sheedy's negligence. No complaint has been filed because there is not yet a "medical end-result."

Concord General Mutual Insurance Company (Concord) provides general liability coverage to Sheedy with respect to his business. The Policy includes coverage for "those sums that the insured becomes legally obligated to pay as damages because of bodily injury." The coverage is limited by an exclusion, which states "[t]his insurance does not apply to bodily injury *to an employee* of the insured arising out of and in the course of employment by the insured; or performing duties related to the conduct of the insured's business . . . ."(emphasis added). The policy's definition of "employee" is simply: "Employee includes a 'leased worker.' Employee does not include 'temporary worker.'"

## DISCUSSION

"The Declaratory Judgments Act [(the Act)], 14 M.R.S.A. §§ 5951-5963 (2003), does not authorize [a] claim in the absence of injury." Ten Voters of the City of Biddeford v. City of Biddeford, 2003 ME 59, ¶ 7, 822 A.2d 1196. "A party seeking declaratory relief must establish that his case constitutes an "active dispute of real interests *between the litigants*." Randlett v. Randlett, 401 A.2d 1008, 1011 (Me.1979)(quotations omitted); Halfway. House, Inc. v. City of Portland, 670 A.2d 1377, 1379(Me. 1996) ("Justiciability requires a real and substantial controversy, admitting of specific relief through a judgment of conclusive character."(citation omitted)).

"A genuine controversy exists if a case is ripe for judicial consideration and action." Wagner v. Secretary of State, 663 A.2d 564, 567 (Me. 1995) (holding that because an initiative may never become effective, the court was not "presented with a concrete, certain, or immediate legal problem"). "An analysis of the ripeness issue involves two principal points of focus: the fitness of the issue for judicial decision, and the hardship to the parties of withholding court consideration." Patrons Oxford Mut. Ins. Co. v. Garcia,

2

1998 ME 38, ¶ 4, 707 A.2d 384 (quotation omitted). Defendants assert that declaratory judgment is premature and, therefore, not fit for judicial decision.

In <u>Patrons</u> the court held that declaratory judgment actions to determine an insurer's duty to defend must await the filing of a complaint against the insured. <u>Patrons</u>, 1998 ME 38, ¶ 7, 707 A.2d 384 (<u>Patrons</u>). The court held that when a "coverage decision directly involves resolution of facts regarding the relationship, not between the insurer and the insured, *but between the insured and the claimant*" the insurer must wait for a complaint to be filed. Id. ¶¶ 7, 8 (emphasis added).

Plaintiff cites <u>North East Ins. Co. v. Soucy</u>, 1997 ME 106, 693 A.2d 1141 (<u>Soucy</u>) in response to Defendants' assertion, as an example of where the court reached the merits of the claim, rather than deciding, procedurally, that declaratory judgment was premature. Such argument is unpersuasive as there is no indication that Defendants raised the issue of pre-maturity in <u>Soucy</u>. The <u>Soucy</u> court merely addressed the arguments before it. Although Plaintiff correctly distinguishes <u>Patrons</u>, because of the court's focus on the duty to defend not the duty to indemnify, which is at issue in this case, Plaintiff incorrectly characterizes the <u>Soucy</u> holding as a departure from <u>Patrons</u>. Instead, the court in <u>Soucy</u> was not called upon to address the question of whether declaratory relief was appropriate. <u>Soucy</u>, 1997 ME 106, ¶ 23, 693 A.2d 1141 (defendant contended only that there existing genuine issues of material fact). If it had, the court would have determined that the <u>Patrons</u>' rationale applied equally to the duty to indemnify. The same rationale applies in the instant case.[2] The present case involves

---

[2] One distinct and mitigating factor is that the court in <u>Patrons</u>, on a motion to dismiss, sought to protect insureds from costly litigation before it became necessary. <u>Patrons</u> ¶ 6. The court determined that the burden imposed on the insurer by the holding was outweighed by all other considerations. <u>Id.</u> ¶ 10. This factor is entitled to less consideration in the instant case given that the Defendants have already expended resources defending this motion for summary judgment. However, the multi-faceted balancing test for determining whether an employment relationship exists would likely necessitate a trial to determine the existence or non-existence of such a relationship. <u>Soucy</u>, 1997 ME 106, ¶¶ 21, 22, 693 A.2d 1141. Specifically, due to the significance of and the disputed facts regarding the "control and direction" of the work at the job site, that determination is best left for trial. <u>Id.</u> ¶ 29.

3

resolution of facts regarding the relationship between Sheedy (the insured) and LaFlamme (the claimant). Therefore, the Complaint is dismissed as premature.

The entry is

Plaintiff's Motion for Summary Judgment is DENIED;
Complaint is DISMISSED for the reasons recited herein.

Dated at Portland, Maine this 25th day of July, 2003.

Robert E. Crowley
Justice, Superior Court

CONCORD GENERAL MUTUAL INSURANCE COMPANY - PLAINTIFF

SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-CV-2002-00400

**DOCKET  RECORD**

Attorney for: CONCORD GENERAL MUTUAL INSURANCE COMPANY
JOHN WHITMAN
RICHARDSON WHITMAN LARGE & BADGER
465 CONGRESS ST, SUITE 900
PO BOX 9545
PORTLAND ME 04112-9545


vs
KEVIN SHEEDY  - DEFENDANT

Attorney for: KEVIN SHEEDY
PAUL M BOOTS
PAUL M. BOOTS PA
ONE MONUMENT WAY, 2ND FLOOR
PO BOX 7469
PORTLAND ME 04112-7469

KEVIN LAFLAMME  - DEFENDANT

Attorney for: KEVIN LAFLAMME
JOHN HOBSON
PERKINS THOMPSON HINKLEY & KEDDY
ONE CANAL PLAZA
PO BOX 426
PORTLAND ME 04112-0426


Filing Document: COMPLAINT                    Minor Case Type: DECLARATORY JUDGMENT
Filing Date: 08/16/2002

# Docket Events:

08/16/2002 FILING DOCUMENT - COMPLAINT FILED ON 08/16/2002
           DECLARATORY JUDGMENT

08/16/2002 Party(s):  CONCORD GENERAL MUTUAL INSURANCE COMPANY
           ATTORNEY - RETAINED ENTERED ON 08/16/2002
           Plaintiff's Attorney: JOHN WHITMAN

09/24/2002 Party(s):  KEVIN LAFLAMME
           SUMMONS - ACCEPTANCE OF SERVICE FILED ON 09/23/2002

09/24/2002 Party(s):  KEVIN LAFLAMME
           SUMMONS - ACCEPTANCE OF SERVICE SERVED ON 09/23/2002
           ACCEPTANCE OF SERVICE OF JOHN A. HOBSON, ESQ. ON BEHALF IF KEVIN LAFLAMME

10/02/2002 Party(s):  KEVIN SHEEDY
           RESPONSIVE PLEADING - ANSWER FILED ON 10/02/2002
           OF DEFENDANT, KEVIN SHEEDY

10/02/2002 Party(s):  KEVIN SHEEDY
           ATTORNEY - RETAINED ENTERED ON 10/02/2002
           Defendant's Attorney: PAUL M BOOTS