STATE OF MAINE

CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2004 JAN -5 P 3:17

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-03-442
RAC-CUM-1/5/2004

THE AROOSTOOK MEDICAL CENTER,
EASTERN MAINE MEDICAL CENTER,
MAINE GENERAL MEDICAL CENTER,
MAINE MEDICAL CENTER,
PENOBSCOT BAY MEDICAL CENTER,
YORK HOSPITAL

Plaintiffs

v.                                                    ORDER

PETER E. WALSH, ACTING
COMMISSIONER, STATE OF MAINE
DEPARTMENT OF HUMAN SERVICES,

DONALD L. GARBRECHT
LAW LIBRARY

APR 14 2004

Defendant

Before this court is Plaintiffs' Motion to Specify Course of Proceedings, pursuant to M. R. Civ. P. 80C(i).

## FACTS

The Medicaid Program is a joint federal-state program through which the Federal government provides financial assistance to States so that they may provide for medical care furnished to needy individuals. States that choose to participate must comply with certain requirements imposed by the Medicaid Act and regulations promulgated by the Secretary of Health and Human Services. The State of Maine has enacted legislation that authorizes the State's participation in the Medicaid program. The State of Maine has also adopted a Medicaid State Plan that is required to reimburse health care providers for Medicaid services they provide to eligible individuals. This program provides that when the hospitals discharge a Medicaid eligible inpatient that

also has third party insurance coverage, the Medicaid program is considered the secondary payer. This third party liability is offset from the hospital's total inpatient and outpatient Medicaid reimbursement. It is this offset that the Plaintiffs contend that the Defendant has illegally and incorrectly calculated.

Consequently, on August 8, 2003, Plaintiffs filed their Complaint in this case. The Complaint set forth four counts. Count I requests that this court grant declaratory relief for the Defendant's improper interpretation of 22 M.R.S.A. § 14. Count II requests that this court grant declaratory relief for the Defendant's refusal to correct the illegal third party liability offset based upon an illegal agency rule. Count III requests that this court grant declaratory relief because the Defendant's interpretation of the statute has resulted in an illegal takings. Finally, Count IV also requests declaratory relief pursuant to Section 1983. Additionally, Plaintiffs filed a Motion to Specify Course of Proceedings.

On September 11, 2003, Defendant filed its Answer to Plaintiffs Complaint, and on the following day filed its Opposition to Plaintiffs Motion to Specify Course of Proceedings. The Defendant's answer denies the Plaintiffs claims and sets forth five affirmative defenses. First, Defendant asserts that the Plaintiffs Complaint fails to state a claim upon which relief can be granted, and therefore should be dismissed. Next, Defendant contends that the Plaintiffs claims are non-justiciable under the doctrines of ripeness and mootness. Additionally, Defendant argues that the Plaintiffs have failed to exhaust their administrative remedies, and to the extent that Plaintiffs seek injunctive relief, they have an adequate remedy at law. Finally, Defendant argues that the court lacks jurisdiction over the subject matter. Hence, the Defendant requests that the Plaintiffs Complaint be dismissed with prejudice.

## DISCUSSION

Plaintiffs have requested that this court specify the course of proceedings, reserve ruling on the Petition for Review of Failure or Refusal of Agency to Act, and stay the time limits set forth in M. R. Civ. P. 80C(g) and (e) until after final disposition of their substantive claims contained in Counts I through IV of the Complaint. (See Plain. Motion to Specify Course of Proceedings at 1-2.)

### A. Declaratory Judgment

"The Declaratory Judgments Act, 14 M.R.S.A. §§ 5951-5963 (2003) does not authorize [a] claim in the absence of injury." Ten Voters of the City of Biddeford v. City of Biddeford, 2003 ME 59 ¶ 7, 822 A.2d 1196, 1200. "[A] party seeking declaratory relief must establish that his case constitutes an 'active dispute of real interests between the litigants.'" Randlett v. Randlett, 401 A.2d 1008, 1011 (Me. 1979); Halfway House, Inc. v. City of Portland, 670 A.2d 1377, 1379 (Me. 1996) ("Justiciability requires a real and substantial controversy, admitting of specific relief through a judgment of conclusive character." (citation omitted)). "To satisfy the controversy requirement, the case must be ripe for judicial consideration and action." Wagner v. Secretary of State, 663 A.2d 564, 567 (Me. 1995) (citation omitted). "An analysis of the ripeness issue involves two principal points of focus: the fitness of the issue for judicial decision, and the hardship to the parties of withholding court consideration." Patrons Oxford Mut. Ins. Co. v. Garcia, 1998 ME 38, ¶ 4, 707 A.2d 384, 385 (quotation omitted). Additionally, in determining whether to entertain an action for declaratory relief, the trial court should also consider whether the adjudication will serve some useful purpose, Cape Elizabeth School Board v. Cape Elizabeth Teachers Association, 435 A.2d 1381, 1383 (Me. 1981) or whether the controversy presents an issue of public importance. King Resources Co. v. Environmental Improvement Commission, 270 A.2d 863, 867 (Me. 1970).

## 1. Is the Dispute Ripe?

### a. Fitness of Issue For Decision

The Plaintiffs allege in Count I that the parties have come to opposite interpretations of 22 M.R.S.A. § 14. The Defendant, on the other hand, argues that the Plaintiffs have failed to exhaust their administrative remedies and that this court cannot decide an issue which an administrative agency has not yet considered.

First, it is necessary for this court to determine if a justiciable controversy exists. "In other jurisdictions courts have found that a justiciable controversy exists to support a declaratory judgment action when there is disagreement over an official interpretation of a statute." Annable v. Board of Environmental Protection, 507 A.2d 592, 595 (Me. 1986) (citations omitted). In the case at bar, Plaintiffs allege that the parties have come to opposite conclusions concerning the interpretation of 22 M.R.S.A. § 14. Specifically, Plaintiffs "interpret 22 M.R.S.A. § 14 as prohibiting the inclusion of a Medicaid Secondary Discharge as a discharge on Worksheet D-1, Pt. II of a Medicaid Cost Report and the deduction of third party payment on Worksheet E-3, Pt. III when the third party's payment exceeds the Defendant's Medicaid payment obligation." (Plain. Complaint at ¶ 138.) Whereas, Defendant "interprets 22 M.R.S.A. § 14 in a manner which Pt. II supports the inclusion of a Medicaid Secondary Discharge Worksheet D-1, even when the third party payment exceeds the Defendant's Medicaid payment obligation." (Id. at ¶ 139.) Consequently, this court finds that a justiciable controversy exists in this case.

Defendant asserts, however, that declaratory relief is inappropriate here because the Plaintiffs have failed to exhaust their administrative remedies. "Where the interpretation of a statute is at issue, we have in the past recognized that a plaintiff may maintain a declaratory judgment action even though an alternative remedy may be

available to him. The exhaustion doctrine does not, therefore, automatically bar the Plaintiff from seeking declaratory relief." Annable, 507 A.2d at 595 (citations omitted). "Where, as here, the Plaintiff seeking declaratory relief is not appealing from an adverse administrative decision, the requirement of exhaustion of remedies is inappropriate." Id. One of the most important reasons for invoking the exhaustion doctrine is the courts' unwillingness to interrupt the administrative process until that process is complete." Id. In addition, however, the Law Court further held that exhaustion was not required because there had "[been no formal invocation of the licensing process, no enforcement action, and no appeal from an adverse agency decision." Id. at 596. Here, Plaintiffs have invoked the informal review process and sought redress through the agency. Hence, this court finds that under these circumstances, the Plaintiffs have failed to exhaust their administrative remedies and cannot seek redress in this court on Count I.

Plaintiffs allege in Count II that declaratory relief is appropriate, pursuant to 5 M.R.S.A. § 8058. Specifically, Plaintiffs argue that they have been aggrieved by the Defendant's improper repeal of a prior rule and its adoption of an arbitrary and capricious new rule. "Section 8058 claims are attacks directed toward the administrative rules, not challenges to the decisions of an agency. Both the clear language of the statute and the case law support our conclusion that the plaintiffs do not need to exhaust their administrative remedies before bringing their claims under section 8058." Gross v. Secretary of State, 562 A.2d 667, 671 (Me. 1989). Under Maine Law a "rule" is defined as any regulation or standard "that is or is intended to be judicially enforceable and implements, interprets or makes specific the law administered by the agency." 5 M.R.S.A. § 8009(9)(A) (2003). "The term [however] does not include: (1) [p]olicies or memoranda concerning only the internal management

of an agency or the State Government and not judicially enforceable." 5 M.R.S.A. § 8002(9)(B) (2003).

Here, Plaintiffs are contending that Defendant's present policy[1] of prohibiting correction of illegal third party liability offsets constitutes a "rule." Plaintiffs further allege that Defendants new "rule" is in contrast to its prior policy of correcting such offsets. (Plain. Complaint at ¶ 147.) This court finds that the memorandum that Plaintiffs cite to as indicating Defendant's previous policy is not a "rule." (See Plain. Exh. D.) Instead, this court finds that this memorandum concerns the internal management of the agency. Consequently, it is necessary for the Plaintiffs to exhaust their administrative remedies in regard to Count II.

Accordingly, because the above discussion is dispositive of the issues presented in this case, this court finds that it is unnecessary to analyze the viability Plaintiffs Count III and Count IV.

### b. Hardship?

Another factor that a court should consider, in making a determination regarding declaratory relief, is the hardship on the party seeking relief if the case is dismissed. See Patrons, 1998 ME 38 at ¶ 4, 707 A.2d at 385. In making this determination, it is necessary to balance the possibility of duplicative litigation against the hardship to the Plaintiff in denying him declaratory relief. Waterville Industries, Inc. v. Finance Authority of Maine, 2000 ME 138, ¶ 23, 759 A.2d 986 (citing Patrons, 1998 ME 38 at ¶ 4, 707 A.2d at 385).

Plaintiffs argue that it is imperative that this court undertake review of the claims presented, because the Defendant's administrative process is unclear, inadequate and futile. Specifically, Plaintiff cites to a case where the informal review process was

---

[1] (See Def. Exh. D at 1.)

undertaken by another hospital in which the appeal was pending before the agency for four years. (See Plain. Reply To Defendant's Memorandum in Opposition To Motion to Specify Course of Proceedings at 4-6.) Although the Defendant's review process is time consuming, this hardship is outweighed by the fact that the Plaintiff has chosen to undertake the informal review process and failed to exhaust their administrative remedies. Therefore, this court finds that declaratory relief is inappropriate, because the issues presented are not ripe for review.

WHEREFORE, this court **DENIES** Plaintiffs Motion to Specify the Course of Proceedings, pursuant to M. R. Civ. P. 80C(i).

Dated: January 5, 2004

Roland A. Cole
Justice, Superior Court

F COURTS
and County
3ox 287
ne 04112-0287

GREGORY STILES ESQ
PO BOX 568
PORTLAND ME 04112

COURTS
d County
x 287
e 04112-0287

JANE GREGORY AAG
6 STATE HOUSE STATION
AUGUSTA ME 04333