LEVY, J.,
with whom SAUFLEY, C.J., joins, concurring.
[¶ 62] In addition to the constitutional issues addressed by the Court, this case presents an important question of law concerning municipal liability that remains unaddressed.
[¶ 63] The nine municipal defendants consist of three Maine communities — Durham, Minot, and Raymond — and their school departments and school superintendents. In the early stages of this proceeding, the Superior Court dismissed the action as to eight of the nine defendants[18] because it concluded, in a reasoned decision applying Monell v. Department of Social Services of City of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and its progeny, that they cannot be held liable under 42 U.S.C.A. § 1983 (West 2003) for merely complying with and enforcing Maine’s school voucher statute, 20-A M.R.S. § 2951 (2005). Before us, the plaintiffs contend that the Superior Court erred as to the three school departments and their superintendents, asserting that *962 these defendants can be held liable under § 1988 even if Maine’s tuition payment law left them “no choice in this matter other than to disobey state law.”
[¶ 64] The plaintiffs’ assertion that school districts and their superintendents may be found liable for failing to disobey an act of the Legislature presents a question of great public interest, thus qualifying as one of our recognized exceptions to the mootness doctrine. See Ten Voters of City of Biddeford v. City of Biddeford, 2003 ME 59, ¶ 9, 822 A.2d 1196, 1200. Our decision in Bagley v. Raymond School Department, 1999 ME 60, 728 A.2d 127, also demonstrates that this question will escape review and reoccur in the future, therefore qualifying as another recognized exception to the mootness doctrine. Ten Voters of City of Biddeford, 2003 ME 59, ¶ 8, 822 A.2d at 1200. In Bagley, the trial court determined that the Raymond School Department could not be held liable pursuant to § 1983 for enforcing Maine’s school voucher statute, but, as here, we limited our appellate review to the constitutional questions presented and did not reach the municipal liability question. 1999 ME 60, ¶ 10, 728 A.2d at 131.
[¶ 65] The purpose of this lawsuit is to test the constitutionality of Maine’s tuition payment law, 20-A M.R.S. § 2951, a statute administered by the Maine Department of Education. I would reach the municipal liability issue that it presents because our resolution of that issue will provide guidance as to whether local governments and their officials should be made defendants in, and compelled to incur the expenses arising from, lawsuits that do not implicate their policies or discretionary acts.

. The Superior Court (Cumberland County, Mills, C.J.) had previously dismissed the claims against the ninth municipal defendant, the Town of Minot.