STATE OF MAINE                          SUPERIOR COURT
LINCOLN, SS                             CIVIL ACTION
                                        DOCKET NO. AP-15-09

LESLIE B. LILLY et al.,          )
          Plaintiffs,            )
                                 )
                                 )           **ORDER ON**
v.                               )           **DEFENDANT-TOWN'S**
                                 )           **MOTION FOR**
                                 )           **RECONSIDERATION**
TOWN OF WESTPORT ISLAND          )
et al.,                          )
          Defendants.            )
                                 )

This matter is before the Court on Defendant Town of Westport Island's Motion for Reconsideration of this Court's Jan. 30, 2018 Judgment after Trial.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Leslie Lilly owns property located on Baker Road in the Town of Westport Island ("the Town"). Baker Road runs from State Route 144, crosses a bridge, passes the Plaintiffs' barn, then continues on toward a neighbor's property. The section of the road which runs from the center of the bridge to the Plaintiffs' barn is the focus of this matter. The Town claims a public easement exists over this section of Baker Road, while Plaintiffs claim it is a private way.[1]

---

[1] Interchangeably referred to as "public easement," "town road," or "town way."

1

Plaintiff Lilly's property formerly belonged to Robert Woods Baker and Margaret H. Baker, who conveyed it to Marine Research and Development Corp. in 1964. The Town foreclosed upon the property while it was owned by Marine Research for unpaid taxes in the years 2011/12, 2012/13, and 2013/14. The Town then conveyed the property to Plaintiff Lilly in 2014. In both the deed from the Bakers to Marine Research and the deed from the Town to Plaintiff Lilly, the descriptions read: "EXCEPTING from the above [metes & bounds description] (1) the town roads."

On Sept. 30, 2015, Plaintiffs filed a complaint seeking declaratory judgment regarding the parties' rights to the disputed section of Baker Road and an injunction against the Town, along with an appeal pursuant to M.R. Civ. P. 80B. After cross-motions for summary judgment were denied, a bench trial was held before this Court on Oct. 5 & 6, 2017.

At the time of trial, the Town's first witness, Selectman George Richardson, had held his selectman's post for 22 consecutive years. (Trial Transcript "Tr." 15). He therefore had the ability to testify as to his knowledge of maintenance on Baker Road as far back as 1995. Yet his testimony revolved around a complaint about maintenance on Baker Road in 2000 (Tr. 18-20), the chain of title of Plaintiff Lilly's property (Tr. 20-24), and the length of Baker Road as maintained by the Town (Tr. 26-64), without any specific testimony regarding 1995-1997.

2

The Town's second witness, Garry Cromwell, was elected the Town's road commissioner in 1997 and privately owns a company that contracts to perform most of the Town's road maintenance. (Tr. 71-73). His testimony as a Town official therefore only went back to 1997. Further, he stated that his private company worked for two prior Town road commissioners before 1997, but he does not remember for how many, or which, years. (Tr. 81-82).

The Town's third witness, James Cromwell, worked for Garry Cromwell performing maintenance on town roads beginning in 2002. (Tr. 88-89). He further testified that he worked for Frank Cromwell from 1988-1998, and he performed maintenance on Baker Road while employed there. (Tr. 88-89). Before questioning James Cromwell on his employment with Frank Cromwell, and after Plaintiffs' objection, the Town's attorney agreed stated: "I am pleased to limit Mr. Cromwell's testimony to the years 1997 forward . . . We've got 1997 frankly to 2017, I am pleased to limit his testimony just to that time." (Tr. 91).

No further witnesses called by the Town had personal knowledge to testify as to the maintenance of Baker Road before 1997. Minimal evidence of maintenance before 1997 was elicited through Plaintiffs' witnesses.

The Town's Exhibits #14 and #16 were excluded at trial. Exhibit #14 is a MDOT document showing the distance of Baker Road as measured by MDOT. (Tr. 34-35). Exhibit #16 is a MDOT document showing the road

3

mileages as measured by the State Mileage Collector within the Town, which MDOT uses to determine how much funding to give the Town for road maintenance. (Tr. 56, 58). The Town offered both exhibits under the business records and public records exceptions to the hearsay rule, M.R. Evid. 803(6), (8). (Tr. 52, 54, 59, 60). Exhibit #14 was excluded for lack of proper foundation, since no MDOT employee had testified that it was prepared in the ordinary course of MDOT business. (Tr. 54-55). Further, Exhibit #14 was found not to fall under the public records exception to the hearsay rule because it is not a public record of the Town. (Tr. 55). Exhibit #16 was excluded for lack of a sufficient basis. (Tr. 64). This Court remarked that the Town made several assumptions not supported by the evidence while offering Exhibit #16. (Tr. 62).

At trial, this Court voiced its concern to the Town's attorney that the prescriptive period may have ended at the time this case was filed in 2015, so the calculation of 20 years could not include 2015-2017 while the case was pending. (Tr. 133-140). In response, the Town's attorney argued that 2015-2017 counted toward the prescriptive period because Plaintiffs actively prevented the Town from performing maintenance. (Tr. 133-140).

During closing arguments, this Court engaged in a discussion with Plaintiffs' attorney, indicating that it was contemplating the merger doctrine.

4

(Tr. 289-291). The Town's attorney had an opportunity to speak shortly after but did not argue against merger. (Tr. 289-291).

Judgment After Trial was entered on Jan. 30, 2018, finding that the Town did not establish a public easement by layout & acceptance; that the doctrine of merger extinguished any easement by prescription that may have existed; and that the phrase "EXCEPTING . . . town roads" was insufficient to prove the existence of a public easement. For these reasons, the disputed section of Baker Road was deemed a public way. The 80B appeal was dismissed as moot.

The Town timely filed its Motion for Reconsideration claiming the application of the merger doctrine was error as a matter of law.

## DISCUSSION

I. *Standard of Review*

"Motions for reconsideration of an order shall not be filed unless required to bring to the court's attention an error, omission or new material that could not previously have been presented." M.R. Civ. P. 7(b)(5). The court treats a motion for reconsideration as a motion to alter or amend the judgment. M.R. Civ. P. 59(e). A court need not grant a motion to alter or amend the judgment "unless it is reasonably clear that prejudicial error has been committed or that substantial justice has not been done." *Cates v. Farrington*, 423 A.2d 539, 541 (Me. 1980). A trial court's ruling on a motion

5

for reconsideration is reviewed on appeal for an abuse of discretion. *Ten Voters of the City of Biddeford v. Biddeford*, 2003 ME 59, ¶ 11, 822 A.2d 1196.

## II. *Procedural Issues*

### A. Notice

Plaintiffs argue that the Motion should be disallowed because it did not include proper notice pursuant to M.R. Civ. P. 7(b)(1). Rule 7(b)(1)(A) requires every motion, except one that may be heard ex parte, to include a notice that opposition to the motion must be filed no later than 21 days after the motion's filing, unless another time is provided by the rules or set by the court. M.R. Civ. P. 7(b)(1)(A). The Law Court previously upheld dismissal of a motion to alter or amend for failure to provide 7(b)(1) notice. *See Ten Voters of the City of Biddeford*, 2003 ME 59, ¶ 11. As there is no evidence in the Court's record that proper 7(b)(1) notice was given, the Town's Motion can be denied. Despite the Court's ability to rest on this ground, the Court finds it prudent to continue a discussion of the Motion on its merits.

### B. Purpose of Motion for Reconsideration

As stated above, a motion for reconsideration must "bring to the court's attention an error, omission or new material that could not previously have been presented." M.R. Civ. P. 7(b)(5). Plaintiffs argue that the Town's Motion is improperly filed because it only disputes the

6

application of merger, and since merger was discussed at trial, these arguments could have previously been presented.

The Court acknowledges that merger was discussed at trial. However, the Court also acknowledges that the issue of merger was raised *sua sponte* for the first time at trial. Since the parties were unaware that merger would be discussed, they could not have been adequately prepared to cite law pertinent to a discussion of merger. For this reason, even though merger and its application were discussed at trial, since no supporting law was presented by either party at the time, this Motion presents new material that the parties could not have been adequately prepared to present previously. The Court, therefore, declines to dismiss the Motion on these grounds.

C. Excluded Evidence

The Town argues that it was improper for the Court to exclude its Exhibits #14 and #16. (Mot. 2 n.1). Based on the offers of proof, these documents would have supported the Town's determination of the length of Baker Road. As can be seen by the discussion below, this evidence would not have changed the outcome of an analysis of prescription on the merits and so the Court declines to review its evidentiary rulings on the Exhibits.

III. *Substantive Issues*

A. Applicability of the Merger Doctrine

The Town argues that the issue of merger was not raised by Plaintiffs

before, during, or after trial and that the Town expressly raised waiver as a defense in its Answer, so "Plaintiffs ought not to get the benefit of the merger argument post-trial." (Mot. 6). Merger indeed was raised at the trial, albeit by the Court and not Plaintiffs, so this argument fails.

The Town also argues that merger is inapplicable to municipalities because a town's "road rights" are different in character than private road rights and because Maine law provides a specific statutory method of discontinuing town ways that does not contemplate merger. (Mot. 3-5).

Even assuming the Town is correct that it was inappropriate for the Court to contemplate doctrine of merger, since the Town cannot establish the existence of an easement, the appropriateness and application of merger is superfluous. The Town did not prove the existence of a public easement by prescription through the evidence presented at trial, discussed below, and failed to prove an easement by layout and acceptance. So even without the merger doctrine, the Town did not meet its burden to show the existence of a public easement.

B. Merits of the Easement by Prescription Argument

"A party claiming a prescriptive easement must prove three elements by a preponderance of the evidence: (1) continuous use for at least twenty years; (2) under a claim of right adverse to the owner; (3) with the owner's knowledge and acquiescence, or with a use so open, notorious,

8

visible, and uninterrupted that knowledge and acquiescence will be presumed." *Lincoln v. Burbank,* 2016 ME 138, ¶ 27, 147 A.3d 1165.

Much evidence was presented at trial regarding the Town's maintenance of Baker Road, of lack thereof, since the year 1997. Based on the testimony of the witnesses at trial, the Town may have an argument that it proved adversity, knowledge, and acquiescence for the years 1997 onwards. However, the Town did not put on any evidence of adversity, knowledge, or acquiescence before 1997.[2] The Town believed it had 21 years sufficient to satisfy the prescriptive period from 1997 to the trial date in 2017, inclusive of the years on each end. (*See* Tr. 133-135, 138).

The issue now before the Court is whether calculation of the prescriptive period includes the time after the lawsuit is commenced, but before the date of trial. Applied to the facts of this case, and assuming the other elements of prescription have been proven from 1997 to the present, the question is then whether the prescriptive period was satisfied because 21 years passed between 1997 and the trial date in 2017, or whether the prescriptive period was not satisfied because only 19 years passed between 1997 and when this lawsuit was commenced in 2015.

---

[2] In regards to the excluded Exhibits #14 and #16, the offers of proof did not reveal the dates of these documents, which would have revealed the length of Baker Road as maintained by the Town. The Court therefore cannot find it is more likely than not that these documents were from before 1997, or that they reflect mileage of Baker Road as maintained by the Town before 1997.

The law of adverse possession enlightens this discussion on prescriptive easements. Since "the primary difference between the elements of adverse possession and those of prescriptive easement relates to the necessity of showing acquiescence to establish a prescriptive easement," an analysis of the period of continuous use must be similar. *See Androkites v. White*, 2010 ME 133, ¶ 21 n.8, 10 A.3d 677.

According to 14 M.R.S. § 801: "No person shall commence any real or mixed action for the recovery of lands, or make an entry thereon, unless within 20 years after the right to do so first accrued, or unless within 20 years after he or those under whom he claims were seized or possessed of the premises." This section has been interpreted as "establish[ing] the time in which a party may file an action to *defeat* (not assert) a claim of adverse possession. . . . In other words, rather than creating a period of limitations for the adverse possession claimant, section 801 creates a period of limitations for that claimant's opponent because it defines the period of time in which a claim for adverse possession ripens." *Mitchell v. Aucoin*, No. RE-02-110, 2006 Me. Super. Lexis 85, at *17 (Apr. 13, 2006) (emphasis in original). This leads the Court to believe that the 20 year period must be completed before the action is filed, otherwise the prescriptive easement claim is unripe.

Other jurisdictions similarly decline to include the post-filing time within the calculation of the requisite adverse possession or prescriptive

easement period. *See Stricker v. Knaub*, 215 Neb. 372, 338 N.W.2d 757 (Neb. 1983) (where the court found evidence of other prescriptive factors since 1973, the case was filed in 1982 and decided in 1983, the 10 year prescriptive period was not met); *CSC Acquisition-NY, Inc. v. 404 County Rd. 39A, Inc.*, 2011 NY Slip Op 30127(U), 2011 N.Y. Misc. Lexis 559, *26-28 (where evidence of adverse possession began in 2000, the case commenced in 2009, and the court's judgment was dated 2011, the 10 year prescriptive period was not met); *16 Shawmut St. LLC v. Piedmost St. LLC*, 24 LCR 301, 2016 Mass. LCR Lexis 74, *rev'd on other grounds*, 91 Mass. App. Ct. 1132, 87 N.E.3d 115 (Mass. 2017) ("In Massachusetts, the filing of . . . a complaint to establish title to land immediately interrupts adverse possession of that land." (*citing Pugatch v. Stoloff*, 41 Mass. App. Ct. 536, 542 n. 8, 671 N.E.2d 995 (Mass. 1996)).

Based on the above authority, the Court declines to include the time period after filing the case in its calculation of 20 years of continuous use. Using the Town's inclusive method of measurement, the 20 year prescriptive period would be 1996-2015. There was little evidence presented regarding maintenance on Baker Road before 1997. Thus, the Town failed to prove continuous use for the 20 year prescriptive period and cannot meet its burden to show an easement by prescription.

C. <u>"EXCEPTING . . . Town Roads," Plural</u>

The Town lastly argues that the deeds within the chain of title all read

11

"EXCEPTING . . . town roads," with "roads" in the plural. Undisputedly, there is a public easement over a different road on Plaintiff Lilly's property. The Town argues that since the "town roads" is plural, the grantors and grantees in the chain of title intended to include Baker Road as a town road as well, being the only other road on the property. The Court is satisfied that this argument was adequately addressed in its Judgment After Trial.

The Town cites *Great Cove Boat Club v. Bureau of Public Lands*, 672 A.2d 91, 94 (Me. 1996), for the proposition that the parties' intentions as to the extinguishment of an easement control. (Mot. 5-6). The Town argues that the parties within the chain of title clearly intended to except "town roads," plural, so therefore their intent to indicate two Town easements on the property must control. However, as discussed in the Judgment After Trial, these deed descriptions are merely evidence supporting Baker Road as a town road and not conclusive proof that Baker Road is a town way.

D. 1785 Town Meeting Acceptance

Even if the Town is correct in its interpretation of the laws applicable to the 1785 Edgecomb town meeting vote that would not change the court's judgment. The court was not convinced by the evidence presented at trial that the road referenced in the 1785 town meeting vote was the road at issue in this case. The court is unsure on that point and the Town has therefore failed to establish that fact by a preponderance of the evidence.

12

## CONCLUSION

The entry is: The Defendant-Town's Motion for Reconsideration is DENIED.

Date: April 4, 2018

Daniel I. Billings, Justice
Maine Superior Court

STATE OF MAINE
LINCOLN, SS

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-15-09

LESLIE B. LILLY et al.,
        Plaintiffs,

)
)
)
)

v.

)

**JUDGMENT AFTER TRIAL**

)
)
)

TOWN OF WESTPORT ISLAND et al.,
        Defendants.

)
)
)

## Findings of Fact

Plaintiff Leslie Lilly owns property located on Baker Road[1] in the Town of Westport Island, which was previously owned by Josiah Parsons ("the Property"). Baker Road runs from State Route 144, crosses a bridge, passes the Plaintiffs' barn, then continues on toward a neighbor's property. The disputed section of the road is that which runs from the center of the bridge to the Plaintiffs' barn ("Disputed Section").

The Town of Westport Island ("the Town") was formerly part of the Town of Edgecomb. While still part of the Town of Edgecomb, the Town meeting minutes from July 5, 1785 ("the 1785 Document") state: "voted = to lay out a road from Josiah Parsons' house to the main road on his own cost." This is evidenced by a certified copy of a 1916 duplicate of the original 1785 Document, certified by the Town's clerk.[2]

---

[1] Sometimes also called "Bakers Road" or "Baker's Road."

[2] In her Opposition to Defendant's Motion for Summary Judgment, Plaintiff Lilly objected to the admission of the 1785 Document, which the Court overruled in its Summary Judgment Order. Plaintiff renewed her objection at trial, and the Court agreed to re-consider the objection if new evidence regarding the Document was entered. As no further evidence regarding the 1785 Document was adduced at trial, the Court's earlier ruling on the admission of the 1785 Document stands.

1

This Property, formerly owned by Josiah Parsons, at a later point belonged to Robert Woods Baker and Margaret H. Baker, who conveyed it to Marine Research and Development Corp. ("Marine Research") in 1964. (*See* Def.'s Ex. 4, Lincoln County Registry of Deeds Bk. 607, Pg. 74-76). In the deed description, it provided: "EXCEPTING from the above [metes & bounds description] (1) the town roads." (*Id*). The Town foreclosed upon the Property while it was owned by Marine Research for unpaid taxes in the year's 2011/12, 2012/13, and 2013/14. (*See* Def.'s Ex. 5, Lincoln County Registry of Deeds Bk. 4837, Pg. 210-212). The Town then conveyed the Property to Plaintiff Lilly in 2014. (*Id*). That 2014 deed description also provides: "EXCEPTING from the above [metes & bounds description] (1) the town roads" and declares that it is conveying the same property contained in the deed from the Bakers to Marine Research in 1964. (*Id*).

On September 30, 2015, the Plaintiffs filed a complaint in the Superior Court seeking declaratory judgment and an injunction, along with an appeal pursuant to M.R. Civ. P. 80B, decision on which has been stayed pending the result of this Order. Plaintiffs seek a declaration from the Court of the parties' respective rights to the Disputed Section of Baker Road and an injunction prohibiting the Town from entering the Property without the Plaintiffs' permission. Plaintiff Lilly argues that the Disputed Section is her private road, while the Town asserts that it has a public easement[3] over it. A trial was conducted in this matter on October 5 & 6, 2017. Any findings of fact contained in this judgment are based on the evidence admitted at trial.

## Discussion

In an action for declaratory judgment, the burden of proof is determined "by reference to the substantive gravamen of the complaint." *Hodgdon v. Campbell*, 411 A.2d

---

[3] Referred to as "public easement," "town road," "town way," or the like.

2

667, 670-671 (Me. 1980) (internal citations omitted). The burden of proof is placed on "the party who asserts the affirmative of the controlling issues of the case, whether or not he is the nominal plaintiff in the action." *Id.* The party asserting that an easement exists is the party asserting the affirmative, and therefore has the burden. *See French v. Estate of Guzan*, 2015 ME 152, ¶ 16, 128 A.3d 657.

Here, Plaintiff Lilly brought this action seeking a determination that the Disputed Section of Baker Road is not a public way. The Town is asserting the affirmative: that the Disputed Section is an easement, either by prescription, by layout and acceptance, or by reservation. Therefore, the Town bears the burden of persuasion on these issues. If the merits lead to a discussion of abandonment of a public easement, that then becomes Plaintiff's burden.

1. Easement by Prescription

"The requirements for the creation of a public way by prescriptive use parallel those for the creation of a prescriptive easement. The party asserting an easement by prescription must prove continuous use for at least 20 years under a claim of right adverse to the owner, with his knowledge and acquiescence, or a use so open, notorious, visible, and uninterrupted that knowledge and acquiescence will be presumed." *Stickney v. City of Saco*, 2001 ME 69, ¶ 16, 770 A.2d 592 (internal citations and quotations omitted). There was much evidence at trial admitted to prove or disprove whether there was maintenance to the Disputed Section of Baker Road for 20 years to establish prescription. However, easement by prescription is unavailable to the Town due to the doctrine of merger, which extinguished any public easement the Town may have had when it deeded the Property to Plaintiff in 2014.

"[A]n easement will become extinguished by unity of title and possession of the dominant and servient estates in the same person by the same right." *Dority v. Dunning,*

3

78 Me. 381, 387, 6 A. 6 (Me. 1886). "Once extinguished, as here by merger, the easement does not come again into existence upon a separation of the former servient and dominant estates unless a proper new grant or reservation is made." *Fitanides v. Holman,* 210 A.2d 65, 67 (Me. 1973) (*citing Dority,* 78 Me. 381).

After the Town foreclosed upon and gained title to the Property, it then owned both the "dominant" as well as the "servient" estate of any public easement over the Property that would have existed prior to the Town's ownership of it. Therefore, any easement would have merged and extinguished when the Town gained ownership of the Property. Consequently, when the Town conveyed the Property to Plaintiff Lilly in 2014, any easement that may have existed prior to the Town's ownership would not have been revived upon conveyance of the formerly "dominant" estate to Plaintiff Lilly.

Thus, any easement by prescription that the Town attempted to establish prior to 2014 has been extinguished. And as it has not been 20 years since the Town conveyed the Property to Plaintiff Lilly, an easement by prescription cannot be established post-Town ownership. Thus, the Town cannot meet its burden to show it has a public easement by prescription.

2. Layout & Acceptance and Abandonment

The Town has also argued that Plaintiff Lilly has not shown 30 years of non-maintenance, and therefore cannot prove abandonment under 23 M.R.S. § 3028. However, an easement cannot be abandoned unless it first exists. The Town asserts that a public easement was created through layout and acceptance,[4] and that it continues to exist because the Plaintiff Lilly has not met her burden to show abandonment.

---

[4] In its Motion for Summary Judgment, the Town argued establishment of a public easement through either the 1785 Document another Town document from 1838. The Town has since abandoned its

4

As Maine was part of Massachusetts until 1820, the laws of Massachusetts at the time are applicable in analyzing the 1785 Document. Although the Massachusetts Constitution was ratified in 1780, the first law post-ratification regarding the laying out and accepting of town ways was enacted 1786. (1786 Mass. Act, Ch. 67, "An Act Directing the Method for Laying Out Highways"). Therefore, the Massachusetts Province Laws in place at the time of the Constitution's ratification, which remained in place post-ratification, control. *See* Frederick Huntley Magison & Thomas Tracy Bouvé, *The Statute Law of Municipal Corporations in Massachusetts*, 590 (Matthew Bender & Company, 1917).

The first of the Province Laws regarding highways were enacted in the 1690s. (Prov. Law. 1692-93 Chap. 28 "An Act for Regulating of Townships, Choice of Town Officers, And Setting Forth Their Power"; Prov. Laws 1693-94 Chap. 6, "An Act For Highwayes"). There were several other statutes, or amendments to statutes, throughout the first half of the 1700s. The one with the most effect on the matter at hand was enacted in 1756-57 because the prior method of laying out roads was "found inconvenient." (Prov. Laws 1756-57, Chap. 18; *See also* Magison & Bouvé, The Statute Law of Municipal Corporations in Massachusetts, 587). A Massachusetts Land Court decision citing the Province Laws describes the state of the law as follows:

> The procedures required in 1766 to establish a county highway are set forth in the Provence Laws of 1756-1757, chapter 18, section 1. In short, the statute required: (i) petition to the court of general sessions; (ii) the court's determination whether common convenience and necessity required a new layout or alteration; and (iii) the court's appointment of a committee of five "disinterested, sufficient freeholders" to (a) view and lay out the highway, (b) serve notice to all interested persons, (c) swear under oath to perform their service, (d) ascertain the place and course of the road, (e) determine damages, if any, to abutters, and (f)

---

argument regarding the 1838 document and proceeds solely on arguing layout and acceptance through the 1785 Document.

5

> make its return to the court under the hand and seal of a majority of the committee.

*Recore v. Town of Conway*, 8 LCR 329, 330, 2000 Mass. LCR LEXIS 28 (Mass. Land Ct. 2000).[5]

The only evidence establishing the layout and acceptance of the road is the 1785 Document, which stated: "voted = to lay out a road from Josiah Parsons' house to the main road on his own cost." There is no evidence of a petition to the court of general sessions or whether any action was taken by that court in accordance with the Province Laws of 1756-57 that were in place in 1785. The Town, therefore, has not met its burden to show that a county highway (or a public easement) was laid out and accepted through the 1785 Document. Since no public easement has been established, a discussion of abandonment as a consequence of 30 years of non-maintenance via 23 M.R.S. § 3028 is not necessary.

3. "Excepting . . . Town Roads"

The Town last claims that the language in the deeds stating "EXCEPTING . . . town roads" is evidence that a public easement exists.

The Town argues that the same language was used in the 2014 deed as the 1964 deed, perhaps in older deeds as well, and that the language itself created and reserved an easement when it was written. "A mere reservation in favor of one not a party to the deed cannot create any right in interest not previously existing." *Town of Manchester v. Augusta Country Club*, 477 A.2d 1124, 1130-1121 (Me. 1984) (*citing Hill v. Lord*, 48 Me. 82 (1861)). Since there is no evidence that the Town owned the property prior to 2014, and therefore not a party to any prior deeds, using the language "EXCEPTING . . . town

---

[5] There were no other amendments to the Province Laws regarding layout and acceptance of public ways between 1766 and 1785. *See* Magison & Bouvé, The Statute Law of Municipal Corporations in Massachusetts, 588. This passage, therefore, accurately describes the state of the law in 1785.

6

roads" did not itself create a public easement for the Town. *See also Anchors v. Manter*, 714 A.2d 134, 137-138 (Me. 1998) (*citing* 7-60 Thompson on Real Property § 60.03(a)(2)(ii), "the conceptual problem underlying the existence of the rule [that an easement may not be reserved in a deed to a third party] was that the easement one wished to convey to a third person did not exist before the property was conveyed away").

The Town also did not properly reserve a public easement when it conveyed the Property to Plaintiff Lilly in 2014.[6] The 2014 deed purports to convey the same property described in the 1964 deed from the Bakers to Marine Research, and uses the exact language for both the description and the exceptions as in the 1964 deed. (*See* Def.'s Ex. 4, 5). Therefore, it appears to be the intent of the parties for the Town to convey to Plaintiff exactly what the Bakers conveyed to Marine Research in 1964. Since it has been established that no public easement existed in 1964 by prescription, by layout and acceptance, or by the language of the deed, it could not have been the parties' intent to create any new property rights not existing in the 1964 deed. Therefore, no public easement was transferred or reserved when the Town deeded the exact same property rights to Plaintiff Lilly in 2014 as it gained in the foreclosure of the Property as deeded to Marine Research from the Bakers.[7]

Lastly, the fact that the deed description says "town roads," plural, is not evidence that there was a public easement over the Disputed Section of Baker Road. It is agreed that a public easement exists over Fowles Road, another road on the Property. The Town

---

[6] Although the deed says "excepting," the Town can argue reservation because "[t]he distinction between 'reservation' and 'exception,' however, is now virtually obsolete because the intention of the parties-not the words in the deed-controls and the two terms are used interchangeably." *Stickney*, 2001 ME 69, ¶ 35.

[7] Note also that 23 M.R.S. § 3022 only allows a public easement to be created by first posting notice of its intentions for at least 7 days in two public places near the proposed pubic way. There is no evidence this was done before the Property was conveyed to Plaintiff Lilly in 2014. So it is unclear whether the Town could have even created a public easement by reserving it in the conveyance to Plaintiff.

7

argues that use of the plural "roads," indicates that both Fowles Road and Baker Road are public ways. For the same reasons as set forth above, that language does not create or reserve a public easement.

## 80B Appeal

Plaintiffs' appeal pursuant to M.R. Civ. P. 80B requested that two letters from the Town, dated September 3 and 8, 2015, ordering them to remove obstructions from the public way, and any Town deliberations of the letters, be "reviewed and set aside as being in excess of the lawful exercise of power of a local government." (Compl. ¶ 71). As the Disputed Section of Baker Road is not a public way, the Town has no authority to order Plaintiff Lilly to remove obstructions from it. Therefore, a review of the letters, and the deliberations surrounding them, is no longer necessary. Although a stay was issued on this Count, pending the outcome of this Order, it is not necessary to issue a separate ruling on the 80B issue because it is now moot.

## Conclusion

Count I – Declaratory Judgment: The Court finds that Baker Road is owned by Plaintiff Lilly and no public easement exists over the Disputed Section of the road that is on her Property. Judgment is entered for the Plaintiffs on this count.

Count II - Injunction: The Town must cease all efforts to alter or maintain the Disputed Portion of Baker Road, as it has no right to do so. Judgment is entered for the Plaintiffs on this count.

Count III – 80B Appeal: Moot.

DATE: January 30, 2018

Daniel I. Billings
Justice, Maine Superior Court

8