2007 ME 129

**Frederick H. JEFTS**

v.

**Lynne M. DENNIS.**

Supreme Judicial Court of Maine.

Submitted on Briefs: May 17, 2007.

Decided: Sept. 11, 2007.

Michael J. Donlan, Verrill Dana, LLP, Kennebunk, for plaintiff.

Lynne M. Dennis, York, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, CALKINS, LEVY, SILVER, and MEAD, JJ.

CLIFFORD, J.

[¶ 1] Lynne M. Dennis appeals from a protection from harassment order entered in the District Court (York, *Stavros, J.*) on the complaint of her former husband, Frederick H. Jefts. Dennis contends that the court erred in granting a permanent order for protection from harassment, and exceeded its discretion in awarding attorney fees to Jefts. We disagree with Dennis's contentions, and affirm the issuance

by the court of the permanent protection from harassment order. We take this opportunity, however, to address the notice requirements related to the now moot temporary protection from harassment order, which was issued by the District Court and was in effect until the entry of the permanent order.

## I. BACKGROUND

[¶ 2] On August 10, 2006, Frederick H. Jefts filed a complaint for protection from harassment against Lynne M. Dennis in the District Court. Jefts's statement attached to the complaint alleges that Dennis, his former wife, had engaged in a course of conduct to harass and intimidate him, his fiancée, and his fiancée's daughter. Jefts alleged that Dennis sent two faxed messages and six e-mail messages to him at his office, left voicemails, and left a pile of items in his driveway and on his porch. Attached to this complaint were several of the e-mailed and faxed messages. On the complaint form, the line following the statement, "I have made the following efforts to notify the defendant of my request for temporary order," was left blank.

[¶ 3] The court (*Stavros, J.*) issued a temporary order for protection from harassment that same day, and scheduled a hearing on the permanent order for August 22, 2006. The temporary order was issued using the court's standard order form, and does not state a reason or otherwise indicate why Dennis was not notified by Jefts or by the court that Jefts was seeking the temporary order. On August 22, 2006, the court (*Douglas, J.*) rescheduled the hearing for September 12, 2006, ordering a continuance and extension of the temporary order.

[¶ 4] On August 28, 2006, Dennis filed a motion to dissolve the temporary protection from harassment order, arguing that it was wrongfully granted because Jefts's complaint did not include the statutorily required elements to authorize a temporary order pursuant to 5 M.R.S. § 4654(2) (2006). The hearing on Dennis's motion to dissolve the temporary order was then scheduled for the same day as the hearing on Jefts's motion for a permanent order of protection from harassment.

[¶ 5] The transcript reflects that the recording of the September 12, 2006, hearing did not begin until the end of Jefts's direct testimony.[1] The same materials attached to Jefts's motion for protection from harassment were admitted at the hearing on the motion for a permanent order, and both Jefts and Dennis testified. Following the hearing, the court issued a permanent order for protection from harassment, with a duration of one year, finding that Dennis had committed four separate acts of harassment or intimidation based on the series of degrading e-mail and facsimile messages she sent to Jefts's workplace. The court also ordered that Dennis pay to Jefts the sum of $1750 for his attorney fees and $30 for the filing fee. Dennis filed this appeal.

## II. DISCUSSION

### A. Permanent Order for Protection from Harassment

[¶ 6] Dennis argues that the court erred in granting the permanent order for protection from harassment because it improperly admitted a faxed document, and improperly counted this document as a separate "act" within the meaning of the protection from harassment statute, 5

---

1. Dennis states that she was not made aware of the lack of a full transcript until November 30, 2006, after the time period for filing a statement in lieu of a transcript pursuant to M.R.App. P. 5(d) had passed. Dennis, however, did not move for an extension of time to file a statement pursuant to M.R.App. P. 5(d).

M.R.S. § 4651(2)(A) (2006). Dennis also contends that the court misconstrued the definition of "harassment."

[¶ 7] Because we do not have the transcript of that portion of the hearing during which the fax was admitted as evidence, and because Dennis has failed to provide us with a statement of the evidence presented at the hearing pursuant to M.R.App.P. 5(d), we must conclude that the transcript would support the court's rulings on this evidentiary issue. *See State v. Nugent,* 2002 ME 111, ¶ 2, 801 A.2d 1001, 1002.

[¶ 8] We are also unpersuaded by Dennis's further argument that the court misconstrued the statutory definition of "harassment." On the limited record before us, the court did not err in concluding that Dennis's repeated e-mail messages and embarrassing facsimile messages, sent to a machine in a central location in Jefts's office, constituted three or more acts of intimidation directed against Jefts, that the messages were sent with the intention of causing him fear or intimidation, and that they did in fact cause him fear or intimidation. *See* 5 M.R.S. § 4651(2)(A). Again, in the absence of the entire transcript or a statement of the evidence pursuant to M.R.App. P. 5(d), we must assume that the record supports the court's factual findings. *See Nugent,* 2002 ME 111, ¶ 2, 801 A.2d at 1002. Moreover, we discern no other error in the court's application or interpretation of the statute.

[¶ 9] Dennis further contends that the court exceeded its discretion in ordering her to pay Jefts's attorney fees and costs. Pursuant to 5 M.R.S. § 4655(1)(E) (2006), the court, in its discretion, "upon finding that the defendant has committed the harassment alleged," may order that a defendant pay "court costs or reasonable

attorney's fees." Because the court did not err in finding that Dennis committed the harassment alleged by Jefts, we cannot say that it exceeded its discretion in awarding attorney fees and costs.[2]

B. Temporary Order for Protection from Harassment

[¶ 10] Dennis also contends that the court erred in granting the initial temporary order for protection from harassment because Jefts's complaint did not include the statutorily required elements to authorize a temporary order pursuant to 5 M.R.S. § 4654(2). Because the temporary order, by its terms, was effective only "until terminated by service of a final protection order ... or by entry of an order vacating this temporary order," Dennis's contentions are moot. This case, however, presents an issue of a fleeting nature due to the short duration of temporary orders for protection from harassment, and the issue is likely to repeat itself in the future. *See Ten Voters of the City of Biddeford v. City of Biddeford,* 2003 ME 59, ¶ 10, 822 A.2d 1196, 1200–01. Thus, we take this opportunity to address the one contention of Dennis in regard to the issuance of temporary protection from harassment orders that has merit.

[¶ 11] There is no indication on the face of the complaint that Jefts gave Dennis either oral or written notice of the motion for a temporary order. Jefts left blank the line following the statement, "I have made the following efforts to notify the defendant of my request for temporary order." Although the statute does not require that notice to a defendant be given in all cases, notice must be given "[w]hen reasonable." 5 M.R.S. § 4654(2)(B).

---

2. Further, there is no support in the limited record before us for Dennis's argument that Jefts's attorney made misrepresentations about the facsimile message.

[¶ 12] The Legislature intended that notice be provided to a defendant before issuing a temporary order for protection from harassment "when reasonable." Thus, when a protection from harassment complainant does not state what efforts were taken to provide oral or written notice that a temporary order is being sought, and also does not state why it would not be reasonable to give notice, then the court should address why it is or is not reasonable under the circumstances for the complainant to make reasonable efforts to notify the defendant.

The entry is:

Judgment issuing a permanent protection from harassment order is affirmed.