MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2025 ME 23
Docket:       Yor-24-226
Argued:       December 10, 2024
Decided:      March 4, 2025

Panel:        STANFILL, C.J., and MEAD, HORTON, CONNORS, and LAWRENCE, JJ.

PAT DOE

v.

JOHN COSTIN

HORTON, J.

[¶1]  John Costin appeals from a modified order for protection from harassment entered by the District Court (Biddeford, *Janelle, A.R.J.*) for the protection of Pat Doe's two minor children.  In addition to modifying the order to prohibit Costin from entering the minors' high school when either of them was on the premises and from having any direct or indirect contact with them, the court awarded Doe attorney fees.  Costin challenges the court's modification of the order of protection from harassment and its award of attorney fees.  We do not consider Costin's appeal from the court's modified order of protection because that order has expired and any issues regarding its validity are moot.  We do, however, review the award of attorney fees and vacate that award because it includes fees for services provided to Doe before the litigation of the

2

motion to modify. We remand the matter for the court to reconsider the award of attorney fees.

## I. BACKGROUND

[¶2] The facts are drawn from the procedural record and the court's findings of fact, which are supported by competent evidence in the record. *See Allen v. Rae*, 2019 ME 53, ¶ 7, 206 A.3d 902. On May 5, 2023, Doe, individually and on behalf of her two minor children, filed a complaint against Costin for protection from harassment, alleging that Costin had, in addition to other volatile behavior, approached the children aggressively in the road while they were on their way to Kennebunk High School by car and on another occasion followed them to the school in his car, using his car to block their egress from their parking space. *See* 5 M.R.S. § 4653 (2024). The court entered a temporary order for protection on that date. *See* 5 M.R.S. § 4654(2) (2024). On August 7 and 9, 2023, the court held a hearing on the complaint. *See id.* § 4654(1).

[¶3] After the hearing, the court entered an order for protection from harassment as to the two children, but not Doe herself, on August 16, 2023. The court ordered as follows:

- "The defendant is prohibited from harassing, threatening, assaulting, molesting, attacking, or otherwise abusing the plaintiff and, if applicable, the plaintiff's employees."

- "The defendant is restrained from, repeatedly and without reasonable cause, following the plaintiff."

*See* 5 M.R.S. § 4655(1)(A), (C-1)(1) (2024).  Neither party appealed from the judgment within twenty-one days as permitted by 5 M.R.S. § 4658(1) (2024) and M.R. App. P. 2B(c)(1).  Nor did either party request an award of attorney fees within the time set forth in M.R. Civ. P. 54(b)(3).

[¶4]  On September 12, 2023, Doe moved to modify the order to include additional protections because she understood that a no-trespass notice that the school had issued to Costin might expire or be modified or rescinded so that he would be free to access the school when the children were present.  Doe sought a modified order to prohibit Costin from repeatedly and without reasonable cause being at or in the vicinity of the children's home, school, or place of employment and from having any direct or indirect contact with them. *See* 5 M.R.S. § 4655(1)(C-1)(2), (C-2).  Costin opposed the motion.  He also argued in a January 2024 letter to the court that the motion should be summarily denied as frivolous because the parties had known at the time of hearing in August 2023 that the school's no-trespass notice would expire by its terms, as it ultimately did, on November 16, 2023.  According to Costin, the

4

school did not terminate its notice early. Costin sought court costs and attorney fees.

[¶5] The court held a hearing on Doe's motion to modify on February 12, 2024. At the outset of the hearing, the court indicated, "I had a brief meeting with counsel in chambers, and my understanding is that we will be proceeding today by way of offers of proof, followed by a very brief argument. And then I'll be issuing a decision in due course . . . ." In keeping with the court's understanding, neither party presented any sworn testimony. Instead, the parties' counsel summarized events after the court's August 2023 order, including the expiration of the school's no-trespass notice, and presented argument on the motion to modify. After the hearing, the court issued a modified order in which it ordered as follows:

- "The defendant is restrained from, repeatedly and without reasonable cause, being at or in the vicinity of the plaintiff's home, school, business, or place of employment, except as follows: Defendant may enter Kennebunk High School to meet with school officials only at such times as neither plaintiff is on school premises (buildings, fields, parking lot, and outdoor common areas)."

- "The defendant is prohibited from having any contact, direct or indirect, with the plaintiff . . . ."

*See id.* It denied Costin's request for attorney fees.

[¶6]  Costin moved for findings of fact and conclusions of law.  *See* M.R. Civ. P. 52.  He proposed findings that counsel for both parties had made credible offers of proof that the no-trespass notice had expired "in its natural course on November 16, 2023, exactly as the Court knew it would" from evidence that had been admitted at the original hearing.  He argued that the motion to modify was frivolous because it was essentially an untimely motion to alter or amend the judgment. *See* M.R. Civ. P. 59(e) ("A motion to alter or amend the judgment shall be filed not later than 14 days after entry of the judgment.").

[¶7]  Doe objected to Costin's motion, arguing that the additional provisions in the court's modified order were supported by the record and no additional findings were necessary.  On February 23, 2024, Doe moved for an award of attorney fees and filed an affidavit for the court's in camera review,[1] in which her attorney swore to the validity of an attached statement of fees. The attached statement itemized a total of $7,021 in attorney fees for services rendered from May 26, 2023, to February 22, 2024.

---

[1] We note that attorney fee affidavits are not ordinarily reviewed in camera, though they may be redacted to protect any privileged information.  *See, e.g.*, M.R. Evid. 502(b) (establishing a client's privilege to refuse to disclose the contents of certain confidential lawyer communications).  A person who may be ordered to pay another party's attorney fees is entitled to be informed of the types of services that were billed and in relation to what part of the litigation, in case there is any basis for challenging any of the fees claimed. *See Villas by the Sea Owners Ass'n v. Garrity*, 2001 ME 93, ¶ 8, 774 A.2d 1115 (describing the many factors that courts consider in deciding whether to award attorney fees).

6

[¶8]  Costin replied, disagreeing with Doe's summary of the facts and opposing Doe's motion for attorney fees because (1) Doe "resurrected this litigation" and Costin "ha[d] already been punished enough," (2) certain fees were related to the litigation of the original order and a separate administrative matter regarding the school's no-trespass notice, and (3) Costin should not be penalized for seeking findings of fact.

[¶9]  On April 30, 2024, the court entered orders denying Costin's Rule 52 motion and awarding Doe counsel fees of $6,500, to be paid by June 1, 2024. Costin timely appealed.  *See* 5 M.R.S. § 4658(1); M.R. App. P. 2B(c)(1), (2)(B). Doe moved to dismiss the appeal on the grounds that (1) any appeal from the finding of harassment in August 2023 was untimely and (2) the appeal from the modified order was moot because the modified order had expired in June 2024. We denied Doe's motion without precluding the possibility that upon full consideration, we might dismiss the appeal.

## II.  DISCUSSION

### A.    Justiciability of the Appeal

[¶10]  Doe contends—as she did in her motion to dismiss—that the appeal is moot because the modified order expired on June 15, 2024, and no exception to the mootness doctrine applies.  Costin argues that the appeal is not

moot because his challenge to the award of attorney fees, which flowed from Doe's success on the motion to modify, presents a live controversy.

[¶11]  A matter is not moot if "there remain sufficient practical effects flowing from the resolution of [the] litigation to justify the application of limited judicial resources." *Ten Voters of Biddeford v. City of Biddeford*, 2003 ME 59, ¶ 5, 822 A.2d 1196 (quotation marks omitted).  Here, the modified order for protection has expired, making Costin's appeal moot to the extent that he challenges the court's entry of the modified order.  *See id.*  He also cannot challenge the finding of harassment in the initial order of protection because he did not take a timely appeal from that order.  *See* M.R. App. P. 2B(c)(1) (establishing a twenty-one day deadline for a party to file a notice of appeal after the entry of a judgment).  The award of attorney fees, however, remains a controversy in issue.

[¶12] When a defendant challenges an attorney fee award but the appeal on the merits is moot, however, there are limits on the extent to which an appellate court will look behind the award of attorney fees to the underlying judgment on the merits.  *See J.S. v. Westerly Sch. Dist.*, 910 F.3d 4, 10 (1st Cir. 2018).  In such circumstances, we, like other courts, "look only to what relief the . . . court granted and not to whether the case was rightly decided."  *Id.*

8

(quotation marks omitted); *cf. Ott v. Bos. Edison Co.*, 602 N.E.2d 566, 568 (Mass. 1992) ("A potential claim for attorneys' fees standing alone does not justify deciding a moot case."). We will not review the merits of a decision when an appeal on the merits is moot, but we will review whether, given that decision, the court erred or abused its discretion in its award of attorney fees. *See J.S.*, 910 F.3d at 10.

[¶13]  Because Costin's appeal is moot apart from the issue of attorney fees, we do not consider Costin's arguments that the motion to modify should have been denied (1) as an untimely filed motion to alter or amend the original judgment, (2) as a frivolous motion because the no-trespass order had a known expiration date when the court entered the original order, or (3) as seeking an order that violated Costin's due process or First Amendment rights.[2]  We do,

---

[2]  Even if we were to address these issues, we would affirm the court's modified order because (1) a court may modify an order of protection from harassment "from time to time as circumstances require," 5 M.R.S. § 4655(2) (2024); (2) Doe offered proof that although she had been informed that the school would extend its no-trespass notice, the school did not do so after Costin exerted pressure following the entry of the original order of protection; and (3) there was no constitutional violation because Costin was afforded notice and the opportunity to be heard, *see In re Weapons Restriction of J.*, 2022 ME 34, ¶ 20, 276 A.3d 510, and the First Amendment does not insulate an individual from the consequences of harassing behavior, *see Childs v. Ballou*, 2016 ME 142, ¶ 24, 148 A.3d 291; *see also State v. Labbe*, 2024 ME 15, ¶ 56, 314 A.3d 162; *cf. State v. Tauvar*, 461 A.2d 1065, 1067-68 (Me. 1983) (holding that, when a person is justifiably excluded from religious worship otherwise open to the general public, the right to free exercise of religion is not infringed).  Although Costin also urges us to vacate the judgment because Doe failed to present new testimonial evidence on the motion to modify, the parties explicitly agreed to the court's consideration of the motion on the parties' offers of proof, and in any event, the issue has been waived because Costin has raised it only in his reply brief, *see Lincoln v. Burbank*, 2016 ME 138, ¶ 41, 147 A.3d 1165.

however, consider whether the court had the authority to award attorney fees and whether the court's award, grounded on Doe's attorney fee affidavit, impermissibly allowed recovery for fees that accrued with respect to both the initial order of protection and the 2024 modified order.

**B.    Review of the Award of Attorney Fees**

[¶14]  We review for an abuse of discretion a trial court's decision to award attorney fees under 5 M.R.S. § 4655(1)(E) when entering an order for protection from harassment.  *See Jefts v. Dennis*, 2007 ME 129, ¶ 9, 931 A.2d 1055. "Review for an abuse of discretion involves resolution of three questions: (1) are factual findings, if any, supported by the record according to the clear error standard; (2) did the court understand the law applicable to its exercise of discretion; and (3) given all the facts and applying the appropriate law, was the court's weighing of the applicable facts and choices within the bounds of reasonableness."  *Haskell v. Haskell*, 2017 ME 91, ¶ 12, 160 A.3d 1176 (quotation marks omitted).

[¶15]  "The court, after a hearing and upon finding that the defendant has committed the harassment alleged, may grant any protection order or approve any consent agreement to bring about a cessation of harassment, which may include . . . [o]rdering the defendant to pay court costs or reasonable attorney's

fees." 5 M.R.S. § 4655(1)(E). "When final judgment has been entered on all claims except a claim for attorney fees, an application for the award of attorney fees shall be filed within 60 days after entry of judgment if no appeal has been filed." M.R. Civ. P. 54(b)(3).[3] Doe is not entitled to an award of attorney fees she incurred to obtain the initial order of protection because there was no appeal and she did not file an application for attorney fees within the sixty-day period for doing so. *See id.* She did file a timely motion seeking attorney fees in connection with the motion to modify, however, and the court granted her motion simultaneously with its denial of Costin's Rule 52 motion. *See* M.R. Civ. P. 54(b)(3) ("If an appeal has been filed, the application may be filed and acted upon in the trial court at any time after entry of the judgment appealed from and in any case shall be filed not later than 30 days after final disposition of the action."); M.R. App. P. 2B(c)(1), (2)(B).

[¶16] Upon finding in Doe's favor and entering the modified order, the court had the authority to award Doe attorney fees incurred in connection with the motion to modify. *See* 5 M.R.S. § 4655(1)(E). It did not, however, have the authority to award attorney fees incurred to obtain the initial order of protection. *See id.*; *see also* M.R. Civ. P. 54(b)(3); M.R. App. P. 2B(c)(1), (2)(B).

---

[3]  A "judgment" for purposes of this rule includes "any order from which an appeal lies." M.R. Civ. P. 54(a).

The itemized statement attached to the affidavit offered in support of Doe's motion for attorney fees includes fees incurred from May 2023 to February 2024, and it indicates that Doe incurred a much lower amount in attorney fees to obtain the modification of the order than the $6,500 that the court ordered Costin to pay.  We therefore vacate the attorney fee award and remand the matter to the trial court for it to make an award of Doe's reasonable attorney fees attributable to the motion to modify.

The entry is:

> Appeal from judgment modifying the order of protection from harassment dismissed as moot. Order awarding attorney fees vacated. Remanded for further proceedings consistent with this opinion.

Scott D. Dolan, Esq. (orally), Petruccelli, Martin & Haddow, LLP, Portland, for appellant John Costin

Brittany M.R. Sawyer, Esq. (orally), Holmes Legal Group, LLC, Wells, for appellee Pat Doe

Biddeford District Court docket number PA-2023-175
FOR CLERK REFERENCE ONLY